UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| v. | : | Criminal Action No.: | 03-432 (RMU) |
| | : | | |
| DARRELL SHELTON, | : | Document Nos.: | 29, 39 |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

Discharging the Court's Order to Show Cause;
Denying the Defendant's Motion to Vacate, Set Aside or Correct Sentence
Granting the Government's Motion to Dismiss the Defendant's Motion

I. INTRODUCTION

Pending before the court is the defendant's *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The defendant claims ineffective assistance of counsel because his attorney failed to file a notice of appeal following his 2004 guilty plea and sentencing to a 15-year statutory mandatory-minimum term of incarceration. The government, after not replying to the court's initial order to show cause why the defendant's motion should not be granted, filed a response to the court's second order directing the government to show cause why it should not be held in contempt for failure to comply with a criminal order. In the government's response, it maintains, *inter alia*, that the Special Proceedings Division did not receive the court's initial order to show cause and, therefore, did not knowingly or intentionally fail to comply with a court order.

Consistent with the court's order, the government simultaneously filed its motion to dismiss the defendant's *pro se* motion. The government contends that the defendant's motion is untimely under § 2255 as amended by the Anti-terrorism and Effective Death Penalty Act of

1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), because the one-year statute of limitations expired before the defendant filed his motion.

Upon consideration of the defendant and the government's motions and the entire record herein, the court dismisses its order to show cause and denies the defendant's motion, concluding that the latter is time barred under 28 U.S.C. § 2255.

## II.  BACKGROUND

### A.  Factual History

On October 2, 2003, defendant Darrell Shelton, was charged with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 28 U.S.C. § 922(g)(1).  At the preliminary hearing, the defendant was appointed an attorney from the Federal Defender's Office but then retained Thomas Abbenante, Esq. as counsel.  Def.'s Mot. to Vacate Sentence ("Def.'s Mot.") at 6.  On March 30, 2004, pursuant to a written plea agreement with the government, the defendant pled guilty to the indictment and acknowledged that he knew that Count 1 of the indictment carried a 15-year statutory mandatory-minimum term of incarceration, pursuant to 18 U.S.C. § 924(e)(1).  Gov't's Opp'n to Def.'s Mot. to Vacate ("Gov't's Opp'n") at 2 n.1.  As part of his plea colloquy, the defendant told the court that "a plea to the charge of possession of a firearm and ammunition by a convicted felon . . . carri[ed] a potential penalty of not less than 15 years."[1]  *Id*.

---

[1]  The defendant was previously convicted of felonies in the Superior Court of the District of Columbia.  These convictions include: Distribution of Cocaine, Attempt to Distribute Cocaine and Distribution of Heroin.  Gov't's Opp'n to Def.'s Mot. to Vacate at 2 n.1.

2

On June 24, 2004, the court sentenced the defendant to a term of incarceration for 180 months followed by 3 years of supervised release. *Id*. at 2 n.2.[2]  After sentencing, the defendant requested that his attorney file an appeal but was advised that, "there wasn't any loopholes and that the only way that petitioner could potentially receive consideration for a lesser sentence would be to cooperate with the Government."  Def.'s Mot., Ex.1, Aff. of Darrell Shelton ("Def.'s Aff.") ¶¶ 14-15.  The defendant's subsequent attempts to contact his attorney were to no avail. *Id*. ¶ 16.  On December 14, 2006, the defendant received a requested copy of the docket sheet from the U.S. District Court, to check the status of his appeal and "noticed two things: 1) no appeal was filed, and 2) no Notice of Intent pursuant to 18 U.S.C. § 924(e) and U.S.S.G. §4B1.4 was filed by the government to allow the enhanced statutory minimum/maximum penalty."[3]  *Id*. ¶¶ 17, 18.

## B.  Procedural History

On January 17, 2007, the defendant filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel.[4]  On April 2, 2007, the defendant filed a motion for an order to show cause why the defendant's motion should

---

2   The government stipulates that the court's docket sheet and the defendant's own reporting, both of which indicate that the defendant was sentenced to 188 months, do not accurately reflect the record.  The government adduces the transcript of the defendant's June 24, 2004 sentencing hearing and the Notice of Judgment entered on June 28, 2004, as evidence that the defendant was sentenced to a term of 180 months.

3   The defendant refers to an "Exhibit A"; however, there are no exhibits or supplemental papers attached to his motion labeled as such.

4   The defendant also contends that the government was required to file a "Notice of Intent" pursuant to 28 U.S.C. § 994(h), before any statutory increase in penalty could be applied; therefore, he argues, the maximum period of incarceration for a conviction under 8 U.S.C. § 922(g)(1) is 10-years imprisonment.  Def.'s Mem. at 4.

not be granted. On June 18, 2007, the court granted the defendant's motion and issued an order requiring the government to respond to the defendant's motion to vacate sentence within 30 days. Order (June 18, 2007) at 1. On September 21, 2007, approximately three months later, the defendant filed a renewed motion for order to show cause. The court granted the defendant's renewed motion and ordered the government to show cause why it should not be held in contempt for failure to comply with a criminal order. Order (Nov. 6, 2007) at 1. On December 5, 2007, the government simultaneously filed motions responding to the court's order to show cause and opposing the defendant's motion to vacate as untimely.

On January 11, 2008, the court issued a *Fox Neal* order to the defendant, affording him 20 days to respond to the government's motion. The defendant has not filed a response. With these facts in hand, the court now turns to the pending issues.

### III.  ANALYSIS

#### A.  Order to Show Cause

Pending before the court is the government's response to the court's order to show cause why the government should not be held in contempt. The government maintains that it did not receive notice of the court's orders until November 7, 2007, due to errors associated with the transmission of court documents and, therefore, did not knowingly or intentionally fail to comply with a court order. Gov't's Resp. to Nov. 6, 2007 Order to Show Cause ("Gov't's Resp.") ¶ 10. The court credits the government's representation, and in virtue thereof discharges the order to show cause.

### 1. Legal Standard for Civil Contempt

It is firmly established that the courts have inherent authority to enforce their orders through the exercise of contempt powers. *Cobell v. Norton*, 334 F.3d 1128, 1141 (D.C. Cir. 2003) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This power reaches both conduct before the court and conduct beyond the court's confines. *Chambers*, 501 U.S. at 44 (1991). Contempt citations ought to be issued with caution and "only when the rules do not provide the court with sufficient authority to protect their integrity and to prevent abuses of the judicial process." *Cobell v. Babbitt*, 37 F. Supp. 2d 6, 11 (D.D.C. 1999) (citing *Shepard v. ABC, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995 )) (enumerating other court sanctions, such as fines, awards of attorneys' fees and expenses and disqualifications or suspensions of counsel).

A civil contempt action is characterized as remedial in nature, used to obtain compliance with a court order or to compensate for damages sustained as a result from noncompliance. *Evans v. Williams*, 206 F.3d 1292, 1294-95 (D.C. Cir. 2000) (citing *United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)) (explaining that whether a contempt is civil or criminal depends on the "character and purpose" of the sanction). "The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command." *Evans*, 206 F.3d at 1295 (citing *Bagwell*, 512 U.S. at 828). To hold a party in civil contempt for violating an order requires the establishment of two essential elements. *Babbitt*, 226 F. Supp. 2d at 9 (citing *Armstrong v. Exec. Office of the Pres.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993)). First, the court must have issued an order that is clear and reasonably specific. *See id*. (holding that the court will consider both the language and the circumstances surrounding the issuance of the order). And second, the putative contemnor must

have violated the court's order.  *See id.* (citing *Food Lion v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1016-17 (D.C. Cir. 1997)).

In order to rebut a prima facie showing of civil contempt, the contemnor may assert the defense of "good faith substantial compliance."  *Babbitt*, 37 F. Supp. 2d at 6.  "The defense has two distinct components – (1) a good faith effort to comply with the court order at issue; and (2) substantial compliance with that court order."  *Food Lion, Inc.*, 103 F.3d at 1016 (ruling that while intent of the contemnor is irrelevant, good faith effort alone does not excuse contempt).

### 2.  The Government's Response Satisfies the Court's Show Cause Order

On December 5, 2007, the government filed a response to the court's November 6, 2006 order to show cause why it should not be held in contempt.  The government has demonstrated a good faith effort to comply with the court's order by providing sufficient evidence of cause and by filing its motion in response to the defendant's *pro se* motion within the time allotted.  Therefore, the court discharges the order to show cause.

The court commanded the government to respond within 30 days to the defendant's motion to vacate and to show cause why it should not be held in contempt for failure to comply with its prior order to respond to the defendant's motion.  *Id*.  The government filed its response within a month of receiving the court's order.  The government claims that it never received a copy of the court's June 18, 2007 order and that the court's docket sheets "do not reflect that this Court ever issued an Order directing the United States to respond to this post-conviction motion

until the Order to Show Cause was issued on November 6, 2007." Gov't's Resp. ¶ 7.[5]

The government's response describes its investigation into the procedural history of the defendant's case and includes six exhibits evidencing the errors associated with the transmission of documents, "both within the United States Attorney's Office, and within the Clerk's Office of the U.S. District Court."[6] *Id*. at 1. The government alleges that the court's docket sheets do not reflect certain parts of the record and that while some of these court documents were subsequently recovered as paper copies located in the government's trial file, the court's June 18, 2007 order was received neither electronically nor by paper copy.[7] Gov't's Resp. ¶ 7. In addition, the government alleges that the defendant never served the government with his April 2, 2007 motion for an order to show cause or his renewed motion filed on September 21, 2007. *Id*. ¶¶ 8, 9. As a result, the government contends that the Special Proceedings Division of the United States Attorney's Office never received a paper copy or electronic notice of the court's

---

5   Although the defendant delivered a copy of his motion to the government, the government submits correctly that pursuant to rules 4(b) and 5(a) governing 28 U.S.C. § 2255, "where a prisoner has filed a § 2255 motion, the United States is not required to respond until ordered to do so by the judge." Gov't's Resp. to Nov. 6, 2006 Order to Show Cause ("Gov't's Resp.") ¶ 7 n.4.

6   On November 16, 2007, the government met with Joe Burgess, Operations Analyst and ECF Coordinator at the District Court, and reviewed the court's docket sheets and the government's cited exhibits. Gov't's Resp. ¶ 11.

7   The government's exhibits include paper copies of court orders that were recovered in the government's trial file but not entered on the docket sheets. For example, Exhibit 1 is a paper copy of a court order delivered to AUSA Alexander Shoaibi, assigned to represent the United States, although there is no record of a Notice of Appearance in the court's docket entries. Similarly, Exhibit 2 is a paper copy of the court's original order of December 16, 2003, advising the parties of a March 29, 2004 trial date, addressed to the defendant's newly retained counsel, Thomas Abbenante, although there is no Notice of Appearance entered on the docket sheets. Again, Exhibit 4 is a Notice of Appearance for AUSA Maria Lerner, not entered on the docket sheets, which the government located within its trial file.

June 18, 2007 or November 6, 2007 orders before November 7, 2007. *Id*. ¶ 7 n.5. The government contends that the first time it received notice was when "this Court's courtroom clerk, Mr. Jim Dales, provided a copy of the Court's November 6, 2007 Show Cause Order" to AUSA Patricia Stewart.[8] *Id*. at 2, ¶ 7 n.5. Accordingly, AUSA Stewart "immediately brought a copy of the Court's Order to the Special Proceedings Division, and the undersigned Assistant was assigned to respond that same day." *Id*. ¶ 10.

The government maintains that these disclosures indicate no intentional, or even reckless, disregard of this court's orders. *Id*. at 1. While the government's intent is not a relevant defense in a civil contempt proceeding, *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949), the government's motion in response must support a good faith effort to comply with the court order at issue. *Cobbell*, 37 F. Supp. 2d at 10 (citing *Food Lion, Inc.*, 103 F.3d at 1017). The government provides a description of its investigation including sufficient evidence to support its claim that it never received a copy of the court's June 18, 2007 order to show cause. When the government did receive notice of the court's November 6, 2007 order, it promptly filed its motion in response and took appropriate measures to determine the cause of its initial failure to comply with the court's June 18, 2007 order. Furthermore, the government substantially complied with the court's November 6, 2007 order in order to avoid sanctions. *Id.*; *see also Bagwell,* 512 U.S. at 828 (noting that a contemnor can avoid sanctions by conforming its behavior to the law). By filing a motion to dismiss the defendant's *pro se* motion within the

---

8    Based on the government's investigation, "the Court's November 6, 2007 Order was only delivered through the ECF system to former defense counsel Tony Miles, and notice of this Order was 'to be delivered through other means to [AUSA] Charles Harkins.'" Gov't's Resp. ¶ 11, Ex. 6.

thirty days prescribed by the court, the government has acted consistently with the court's order. Therefore, the court discharges its order to show cause.

### B. Motion for Post-Conviction Relief

The defendant filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, on the grounds of ineffective assistance of counsel. The defendant claims his counsel did not file a notice of appeal based on his request, failing to contest his allegedly unlawful sentence, in violation of his Sixth Amendment rights. Without reaching the merits of the defendant's claims, the government filed a motion to dismiss the defendant's motion as untimely, arguing that the one-year statute of limitations under 28 U.S.C. § 2255 expired before the defendant filed his motion and that no statutory exception excuses his late submission. Gov't's Opp'n at 1. Because the defendant did not raise this claim within a year and because he has not explained his failure to do so, he is procedurally barred from making this claim.

#### 1. Legal Standard for Motions Under § 2255

A prisoner may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).

Effective April 24, 1996, in the AEDPA, Congress enacted a one-year period of limitations on the filing of § 2255 motions. *United States v. Latney*, 131 F. Supp. 2d 31, 32 (D.D.C. 2001); *see also United States v. Cicero*, 214 F.3d 199 (D.C. Cir. 2000) (observing that prior to the effective date of the AEDPA a prisoner could file a motion under § 2255 at almost any time). The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Latney*, 131 F. Supp. 2d at 32; 28 U.S.C. § 2255(f)(1)-(4).

For purposes of collateral review under § 2255, a judgment becomes final "if a prisoner petitions for certiorari, . . . when the Supreme Court either denies the writ or issues a decision on the merits." *United States v. Knight*, 498 F. Supp. 2d 323, 325 (D.D.C. 2007) (citing *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002)). If no petition for a writ of certiorari was filed, "judgment becomes final when the time for filing a petition for a writ of certiorari expires, 90 days after the entry of a judgment or decree. *Id*. (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). "Section 2255 permits a prisoner additional time for filing a Section 2255 motion only if one of the exceptions enumerated in section 2255 is met." *Knight*, 498 F. Supp. 2d at 325. Although this circuit has not decided whether this limitation is generally subject to equitable tolling, other circuits have announced some general principles for determining whether

the facts in a particular case justify tolling the limitations. *Cicero*, 214 F.3d at 203 (declining to consider tolling the time limit where the defendant failed to allege any compelling circumstances surrounding the untimeliness of his § 2255 motion). Accordingly, "equitable tolling, which is to be employed 'only sparingly' in any event . . . has been applied in the context of the AEDPA only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* (internal citations omitted).

### 2. The Court Dismisses the Defendant's § 2255 Motion as Time Barred

The defendant pled guilty to his indictment on March 30, 2004, and on June 24, 2004, the court sentenced the defendant to a term of incarceration for 180 months followed by 3 years of supervised release. The defendant did not appeal his sentence.

In his § 2255 motion, the defendant claims that his counsel's failure to file a notice of appeal in accordance with his instructions violated his Sixth Amendment right to effective counsel. Def.'s Mot. at 5; Def.'s Mem. at 3. The defendant alleges that he spoke with his counsel after sentencing, requesting him to file a notice of appeal; however, counsel "informed [him] that there weren't any issues to appeal and that the only way for a lesser sentence was to cooperate with the Government." Def.'s Aff. ¶¶ 14, 15. After several failed attempts to contact his counsel regarding the status of his appeal, the defendant in December of 2006 requested a copy of the docket sheet from the court's clerk. *Id*. ¶¶ 16, 17. On December 14, 2006, the defendant received a copy of his request and noticed "two things: 1) no appeal had been filed, and 2) upon information and belief, the Government failed to file a Notice of Intent pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, as required by due process, in order for the enhanced

statutory penalty to apply." *Id*. ¶ 18. The defendant subsequently filed a § 2255 motion, in an effort to "restore [his] appellate rights to challenge the enhanced sentence." *Id*. ¶ 19.

The government contends that because over one year has elapsed since his conviction became final, the defendant's attempt to challenge the legality of his sentence under § 2255 is time barred under the AEDPA's statute of limitations. Gov't's Opp'n at 5. Because the defendant did not file an appeal, the government maintains that the defendant's conviction became final on July 13, 2004.[9] As a result, the defendant was required to file his § 2255 before July 13, 2005. *Id*.

The defendant did not appeal his conviction; therefore, his conviction became final on July 13, 2004. Section 2255(f)(1)'s reference to "the date on which the judgment of conviction becomes final," denotes the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Clay*, 123 U.S. at 527-531. At no point does the defendant challenge the finality of his conviction or argue that the one-year period of limitation should not have expired on July 13, 2005, as the government maintains. Even though the defendant may have spent significant time anticipating that his attorney would file his

---

9   An appeal as of right must be filed within ten days of the entry of judgment or the order being appealed, or within ten days of the filing of the government's notice of appeal, whichever is later. FED. R. APP. P. 4(b)(1)(A)(i)-(ii).

> "Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

FED. R. APP. P. 4(b)(4). July 13, 2004, is ten business days after the defendant's Judgment and Commitment Order was filed on June 28, 2004, in accordance with Federal Rules of Appellate Procedure 26(a)(2), excluding weekends and holidays. Gov't's Opp'n at 4 n.4.

appeal, the defendant has not provided sufficient showing under the circumstances to qualify for any of the enumerated exceptions under § 2255. *Knight*, 498 F. Supp. 2d at 325. Moreover, by not filing a response to the government's motion in opposition pursuant to the *Fox Neal* order, the court treats the government's arguments as conceded.[10] *Brown v. U.S. Dep't of Justice*, 2006 WL 2265409, at *1 (D.D.C. Aug. 8, 2006) (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)).

The defendant, furthermore, does not allege such "extraordinary circumstances" as to warrant equitable tolling. *Cicero*, 214 F.3d at 205 (suggesting that a prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will lack of representation during the applicable filing period) (internal citations omitted). The defendant, acknowledging that his attempts to contact and communicate with his attorney were futile, has suggested no additional reasons why he was prevented from working on this motion at an earlier time. *Id.* at 204. Therefore, the court concludes that the defendant filed the instant motion in an untimely fashion, and the motion is barred by the one-year statute of limitations.

---

10   The court, not reaching the defendant's arguments on the merits, treats as conceded the government's contention that the statutory exceptions to AEDPA's one-year statute of limitations are of no avail to the defendant. *See* Gov't's Opp'n at 5 n.5.

## IV.  CONCLUSION

For the foregoing reasons, the court discharges its order to show cause, denies the defendant's motion pursuant to 28 U.S.C. § 2255, and grants the government's motion to dismiss the plaintiff's motion to vacate.  An order consistent with this memorandum opinion is separately and contemporaneously issued this 25th day of March, 2008.

RICARDO M. URBINA
United States District Judge
